**Zimeng SHEN, Plaintiff,**

v.

**UNITED STATES CONSULATE
GENERAL AT SHANGHAI,
CHINA, Defendant.**

**No. 93 Civ. 2303 (JES).**

United States District Court,
S.D. New York.

Oct. 26, 1994.

Zimeng Shen, plaintiff pro se.

Mary Jo White, U.S. Atty. for the S.D.N.Y., F. James Loprest, Jr., Sp. Asst. U.S. Atty., Diogenes P. Kekatos, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

By the above-captioned action, plaintiff Zimeng Shen ("Shen") seeks to enjoin the United States Consul at Shanghai, China, from refusing to issue United States visas to third parties residing in the People's Republic of China. Defendant moves to dismiss the Complaint for, *inter alia,* lack of subject matter jurisdiction. For the reasons that follow, defendant's motion to dismiss the Complaint is granted.

## BACKGROUND

On March 30, 1993, two subpoenas were issued by this court in *Shen v. Japan Airlines,* 93 Civ. 1501 (LLS), a case in which Shen is one of two plaintiffs. Through those subpoenas, Shen sought to compel the appearance of his father and mother, Baokeng Shen and Jinling Tang (collectively, "Shen's parents"), as witnesses at a hearing before Judge Stanton scheduled May 7, 1993. *See* Complaint ¶ 4. Both of Shen's parents reside in Shanghai, People's Republic of China, and were served at their home. *See* Complaint, Ex. 5.1 and 2. According to the Complaint in this action, their applications for visas to enter the United States were denied on April 6, 1993 by a consular officer at the United States Consulate in Shanghai. *See* Complaint ¶ 4.

On or about April 9, 1993, Shen filed this action, by which he seeks to enjoin the United States Consul from denying his parents' visa applications. *See* Complaint ¶ 5.1. On April 26, 1993, Shen also moved this Court in

*Shen v. Japan Airlines,* 93 Civ. 1501 (LLS), to compel the Consul to issue visas to his parents. *See* Loprest Decl.Ex. 1 at 2. This Court (Stanton, J.) denied the latter motion by Order dated May 7, 1993.

## DISCUSSION

■ Under § 221 of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1201, the issuance of visas to aliens who seek to enter the United States is the responsibility of United States Consuls. *See* 8 U.S.C. §§ 1101(a)(9) and (16), 1104(a)(1); 8 U.S.C. § 1201(a)(1) and (2). Pursuant to 8 U.S.C. § 1201(g), the official must deny the application if

> (1) it appears to the consular officer, from statements in the [visa] application, or in the papers submitted therewith, that [the applicant] is ineligible to receive a visa[,] ... (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that [the applicant] is ineligible to receive a visa....

■ Moreover, although the statute charges the Secretary of State with "the administration and the enforcement of the provisions of this chapter and all other immigration and nationality laws relating to ... the powers, duties, and functions of ... consular officers of the United States," 8 U.S.C. § 1104(a)(1), Congress specifically exempted from the Secretary of State's authority to review the work of consular officers "those powers, duties and functions conferred upon the consular officers relating to the granting or refusal of visas." *Id.* This exemption has been interpreted to eliminate administrative and judicial review as well. "Congress specifically exempted the exercise of this power from review by the Secretary of State ... [, and] it has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Li Hing of Hong Kong, Inc. v. Levin,* 800 F.2d 970, 971 (9th Cir.1986); *accord Haitian Refugee Center v. Baker,* 953 F.2d 1498, 1507 (11th Cir.1992); *Adams v. Baker,* 909 F.2d 643, 647 n. 3 (1st Cir.1990); *City of New York v. Baker,* 878 F.2d 507 (D.C.Cir.1989); *Centeno v. Schultz,* 817 F.2d 1212, 1213–14 (5th Cir.1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 696, 98 L.Ed.2d 648 (1988); *Wan Shih Hsieh v. Kiley,* 569 F.2d 1179, 1181 (2d Cir.), *cert. denied,* 439 U.S. 828, 99 S.Ct. 102, 58 L.Ed.2d 121 (1978); *Ulrich v. Kellogg,* 30 F.2d 984, 986 (D.C.Cir.), *cert. denied sub nom. United States ex rel. Ulrich v. Stimson,* 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed. 1005 (1929).

■ Accordingly, since the consular decision to deny Shen's parents visas is not subject to review by this Court, this Court lacks subject matter jurisdiction over Shen's Complaint. Therefore, the Complaint must be dismissed. *See* Fed.R.Civ.P. 12(b)(1).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss shall be and hereby is granted. The Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**