LEGAL ASSISTANCE FOR VIETNAM-
ESE ASYLUM SEEKERS ("LA-
VAS"), et al., Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
STATE, BUREAU OF CONSULAR
AFFAIRS, et al., Defendants.

Civ. A. No. 94–361 SSH.

United States District Court,
District of Columbia.

Sept. 11, 1995.

William R. Stein, Daniel Wolf, Hughes, Hubbard & Reed, Washington, DC, for Plaintiffs.

Bernardette C. Sargeant, Asst. U.S. Atty., Washington, DC, for Defendants.

*MEMORANDUM OPINION*

STANLEY S. HARRIS, District Judge.

The facts of this case are set out in the opinion of the United States Court of Appeals for the District of Columbia Circuit in *Legal Assistance for Vietnamese Asylum*

*Seekers ("LAVAS") v. Department of State, Bureau of Consular Affairs,* 45 F.3d 469 (D.C.Cir.1995). In brief, the procedural posture of this case is as follows: on February 25, 1994, plaintiffs filed a complaint, a motion for class certification, and a motion for a temporary restraining order and a preliminary injunction against defendants. On March 2, 1994, this Court denied plaintiffs' motion for a temporary restraining order, and the Court thereafter consolidated plaintiffs' motion for a preliminary injunction with a determination on the merits.[1] On April 28, 1994, the Court granted defendants' motion for summary judgment, finding that defendants' policy of not processing at the United States Consulate in Hong Kong the immigrant visa applications of Vietnamese asylum-seekers who had been determined by the Hong Kong government not to qualify for refugee status did not violate the Constitution, the APA, or the Immigration and Nationality Act ("INA") or any regulations promulgated thereunder. The Court denied plaintiffs' motion for class certification as moot in the same Memorandum Order granting defendants' motion for summary judgment.

On February 3, 1995, the Court of Appeals reversed this Court's decision. *LAVAS,* 45 F.3d 469. A majority of the panel found that the Department of State's (hereinafter "DoS") policy of refusing to process the immigrant visa applications of "screened-out" Vietnamese asylum-seekers violated the INA because the policy constituted discrimination on the basis of nationality. *Id.* at 471–73. Judge Randolph dissented, contending that the DoS's policy did not discriminate on the basis of nationality, but rather on the basis of refugee status, which distinction constituted an acceptable and legal determination. *Id.* at 475. In addition, Judge Randolph noted in his dissent that the case had probably become moot, and that at the very least, the case should be remanded to this Court for a mootness determination. *Id.* at 476.

Defendants filed a petition for rehearing *en banc.* On May 9, 1995, the Court of Appeals remanded the case to this Court for a determination of mootness, holding defendants' petition for rehearing *en banc* in abeyance until such a determination has been made. This Court requested briefing from the parties on the mootness issue. Plaintiffs responded by filing a motion for summary judgment on the mootness issue, a renewed motion for class certification, and a motion to join additional parties. Defendants filed a motion to dismiss the case on mootness grounds. Upon consideration, the Court finds, first, that the two named plaintiffs' cases have become moot; second, that plaintiff LAVAS lacks standing; and third, that the case must be declared moot.

*The Individual Plaintiffs' Cases Have Become Moot*

Four persons and one organization are named plaintiffs in this action.[2] Plaintiffs concede that two of the five plaintiffs' cases have become moot. The immigrant visa application of plaintiff Thu Hoa Thi Le Dang was processed by the United States Consulate in Hong Kong and was granted on July 21, 1994, rendering her claims and the claims of her stateside sponsor, Thua Van Le, moot.

The application of detained plaintiff Truc Hua Thi Vo was likewise processed at the United States Consulate in Hong Kong and was denied on November 30, 1994. Ms. Vo has one year from the date of denial of her immigrant visa application to supply the Consulate with additional documentation to support her application, or her application will be canceled.

1. Curiously, the Court of Appeals exercised jurisdiction over plaintiffs' appeal from this Court's denial of their motion for a temporary restraining order and ordered that defendants "take all necessary and proper action to ensure that [plaintiffs] are not repatriated until district court proceedings have been completed." *See Office of Personnel Management v. American Federation of Government Employees, AFL-CIO,* 473 U.S. 1301, 1304–1305, 105 S.Ct. 3467, 3467–3469, 87

L.Ed.2d 603 (Burger, Circuit Justice, 1985) (declaring specifically that a court of appeals has no jurisdiction to review the denial by a district court of a motion for temporary restraining order).

2. Actually, the four individual plaintiffs are made up of two pairs, each consisting of one Vietnamese refugee and that refugee's sponsor in the United States.

Plaintiffs contend that the current status of Ms. Vo's application is such that her case cannot be moot, since the Consulate has not yet made a "final" determination to grant or deny her immigrant visa application, but has made only an "initial" determination to deny her application. Defendants argue that Ms. Vo has obtained the relief she sought—namely, that her immigrant visa application be processed by the United States Consulate in Hong Kong, rather than after a forced repatriation to Vietnam. The Court agrees with defendants. Ms. Vo has obtained the specific relief she sought and has had her application processed by the United States Consulate in Hong Kong. Plaintiffs are correct that the Consulate has not yet finally determined whether Ms. Vo's immigrant visa application will be granted or denied, but the relief Ms. Vo sought from this Court—the processing of her application in Hong Kong instead of Vietnam—has been achieved. (The Court has, of course, no power to review a final determination of the Consulate as to the merits of Ms. Vo's immigrant visa application.) Ms. Vo's claims, and those of her citizen-sponsor, Em Van Vo, are therefore moot.

█ Plaintiffs argue that the opinion of the D.C. Circuit in *City of New York v. Baker*, 878 F.2d 507 (D.C.Cir.1989), requires the Court to reach the opposite conclusion. Plaintiffs are in error. *Baker* involved a challenge to the Secretary of State's refusal to issue non-immigrant visas to certain aliens to whom plaintiffs had extended invitations to speak in the United States. Following an initial remand by the Court of Appeals to the district court for resolution of two statutory issues, Congress independently passed an amendment to the relevant statute that appeared to prohibit exclusion of the aliens on the bases initially asserted by the Secretary of State. The Court of Appeals in *Baker*

held that plaintiffs' action was not rendered moot by the amendment or by the government's concession that it would not seek to exclude the alien plaintiffs from entry into the United States, noting that "the voluntary cessation of a challenged practice does not in and of itself moot a case when the party could renew it." 878 F.2d at 511–12.[3]

The potential that the *Baker* court recognized—namely, the potential that the DoS could "reassert its earlier position, which the government has not renounced," 878 F.2d at 511, and again exclude plaintiffs from entry into the United States—simply does not exist with respect to Ms. Vo. While the DoS has in fact reinstated its policy of not processing in Hong Kong the immigrant visa applications of non-refugee Vietnamese asylum seekers, that policy has no application to Ms. Vo or her stateside sponsor, since Ms. Vo's application already was processed by the Consulate in Hong Kong, and since her appeal from the denial of her application is also being processed in Hong Kong. Plaintiffs in effect are requesting the Court to read *Baker* as allowing this case to continue forward after the named plaintiffs have had the relief they seek accorded them, simply because the policy they alleged to be discriminatory was reinstated after they had been granted that relief (which means, in overall effect, that defendants "have not renounced" their position on the matter). Once put in this light, the problem with this approach becomes apparent: plaintiffs no longer have standing to contest the DoS's allegedly discriminatory policy. The Court cannot ignore simple principles of standing in favor of keeping a moribund "case or controversy" alive, when the plaintiffs no longer can allege that they are suffering or are remotely likely to suffer any injury from the allegedly discriminatory actions of defendants.

---

3. The court in *Baker* relied heavily on the opinion of the Second Circuit in *Allende v. Shultz*, 845 F.2d 1111 (2d Cir.1988), in finding that the case before it was not moot. The court of appeals in *Allende*, presented with circumstances similar to those in *Baker*, held that the case before it was not moot because "the validity of [the allegedly unlawful] policy in general remains a live controversy. And since the existence of the policy continues to effect [*sic*] the actions of the plaintiffs who may reasonably expect that the govern-

ment will oppose future plans to extend speaking invitations to [plaintiff] Allende, we find the Article III case or controversy requirement satisfied." 845 F.2d at 1115 n. 7. As the court in *Allende* recognized, and as this Court notes *infra*, the pivotal issue here is not the continued presence of an allegedly unlawful regulation; rather, it is the potential that the plaintiffs will, at some point in the future, be again subjected to that allegedly unlawful regulation. No such potential exists here.

**4**

*LAVAS Lacks Standing To Sue in this Action*

■ LAVAS is, according to plaintiffs' own description, a nonprofit corporation "whose mission it is to provide legal assistance to indigent Vietnamese asylum-seekers." *See* Certification under Rule 104(g), filed February 25, 1994. LAVAS lacks standing to raise claims challenging the DoS's policies or regulations promulgated under the INA. *See Immigration and Naturalization Service v. Legalization Assistance Project,* — U.S. —, —, 114 S.Ct. 422, 424, 126 L.Ed.2d 410 (1993) (O'Connor, J., in chambers) (ruling that legal assistance organization which challenged INS regulations fell outside the zone of interests protected by those regulations, and that the organization therefore lacked standing); *Ayuda, Inc. v. Reno,* 7 F.3d 246, 250 (D.C.Cir.1994) (holding that "Qualified Designated Entities" authorized to act as intermediaries between aliens and the INS had no standing to challenge INS policies interpreting aliens' rights to legalization). Therefore, LAVAS is dismissed from this suit.[4]

*The Action Is Moot*

■ With the dismissal of LAVAS from this case, and with the determination that the named plaintiffs' claims have become moot, the case as a whole has become moot as well. Plaintiffs contend that their renewed motion for class certification, which initially was denied by the Court as moot in its Memorandum Order granting defendants' motion for summary judgment, should serve to resuscitate this case, despite the fact that the named plaintiffs' cases are now moot. Plaintiffs are not correct. The Court quite properly denied plaintiffs' motion for class certification as moot when it issued its Order granting defendants' motion for summary judgment. Because no class was certified by the Court, and because the named plaintiffs' claims have now become moot, no case or controversy exists on which to append a class of plaintiffs, or new individual plaintiffs, for

that matter. *See Board of School Commissioners v. Jacobs,* 420 U.S. 128, 129, 95 S.Ct. 848, 849, 43 L.Ed.2d 74 (1975) (where case or controversy no longer exists as to named plaintiffs, case is moot unless it was certified as a class action, a controversy still exists between defendants and members of the class, and the issue in controversy is capable of repetition yet evading review).

This decision does not in any meaningful way constitute a setback for plaintiffs. Currently pending before the Court is a motion for preliminary injunction and cross-motions for summary judgment in *Vo Van Chau v. Department of State, Bureau of Consular Affairs,* Civil Action No. 95–989 SSH. Plaintiffs in *Vo Van Chau* bring the same claims and allegations against the DoS as plaintiffs allege in this case, so plaintiffs are not relegated back to the beginning of the queue by virtue of this decision, since the Court must soon make a determination as to the motions currently pending in *Vo Van Chau.* Accordingly, it hereby is

DECREED, that this case is moot.

---

4. The Court of Appeals did not reach the issue of LAVAS's standing in its opinion, because it considered that the named plaintiffs residing in the United States had standing to sue and therefore declined to reach the standing issue with respect to the other named plaintiffs. *LAVAS,* 45 F.3d at 472 (citing *Railway Labor Executives' Ass'n v. United States,* 987 F.2d 806, 810 (D.C.Cir.1993) (per curiam)).