74 F.3d 1308
 LEGAL ASSISTANCE FOR VIETNAMESE ASYLUM SEEKERS; Thua Van
Le; Em Van Vo; Thu Hoa Thi Dang; Truc Hoa Thi
Vo, Appellants,
v.
DEPARTMENT OF STATE, BUREAU OF CONSULAR AFFAIRS, et al., Appellees.
 No. 94-5104.
 United States Court of Appeals,
District of Columbia Circuit.
 Feb. 2, 1996.
Suggestion for Rehearing In Banc Denied Feb. 12, 1996.
*
Order Granting Motion to Stay Mandate Feb. 21, 1996.
 
 William R. Stein, Daniel Wolf, Washington, DC, and Robert B. Jobe, San Francisco, for appellants.
 Robert M. Loeb and Michael Jay Singer, Attorneys, Washington, DC, United States Department of Justice, for appellees. With them on the petition were Frank W. Hunger, Assistant Attorney General, Eric H. Holder, Jr., United States Attorney, R. Craig Lawrence and Sherri L. Evans, Assistant United States Attorneys, and Catherine W. Brown, Attorney, Department of State.
 Before EDWARDS, Chief Judge, SENTELLE and RANDOLPH, Circuit Judges.
 Opinion for the court filed by Circuit Judge SENTELLE.
 Opinion concurring in part and dissenting in part filed by Circuit Judge RANDOLPH.
 SENTELLE, Circuit Judge:
 
 
 1
 On this petition for rehearing and suggestion for rehearing in banc, the United States Department of State argues that the case has been mooted by its tender of the relief requested by the individual appellants. The District Court has ruled on remand in favor of the State Department on the mootness issue, but the appellants contest this ruling. Because we hold that the case is not moot as to two of the individual named appellants, we reverse the District Court's mootness determination, deny rehearing, and remand the case for treatment consistent with both this opinion and our prior opinion on the merits of the State Department's policies. See Legal Assistance for Vietnamese Asylum Seekers v. Department of State, Bureau of Consular Affairs (hereinafter "LAVAS "), 45 F.3d 469 (D.C.Cir.1995).
 
 I. FACTUAL BACKGROUND
 
 2
 This case arises out of disagreements over the procedures used for handling the tremendous flow of immigrants out of Vietnam that has continued ever since the North Vietnamese took over South Vietnam in 1975. From June 1979 through June 1988, Hong Kong (and other nations in the region) granted presumptive refugee status to Vietnamese immigrants on the condition that the United States and other western countries would help resettle them. But in 1988, following an increase in the number of economic immigrants, Hong Kong changed its policies, determining that it would detain all new arrivals and screen them for actual refugee status. The countries concerned soon formed the Comprehensive Plan of Action, which provides that those screened out as non-refugees should return to Vietnam, where they can then apply for immigrant visas.
 
 
 3
 In April 1993, the United States Consulate in Hong Kong stopped processing immigrant visa applications on orders from the United States State Department. In February 1994, plaintiffs Legal Assistance for Vietnamese Asylum Seekers (LAVAS), Thua Van Le, Em Van Vo, Thu Hoa Thi Dang, and Truc Hoa Thi Vo filed suit against the State Department and various officials, claiming individually and on behalf of the class of screened-out Vietnamese told to return to Vietnam that the State Department's policy change violated the Immigration and Nationality Act (INA), 8 U.S.C. Secs. 1151-1156, the regulations promulgated thereunder, the Administrative Procedure Act, and the United States Constitution. The four individual plaintiffs comprise two pairs, each consisting of one Vietnamese refugee and that refugee's United States sponsor. The District Court granted summary judgment for the State Department in April 1994. (For a more detailed summary of the factual background up to this point, see our prior opinion in LAVAS, 45 F.3d at 470-71.)
 
 
 4
 On appeal by LAVAS, we held in February 1995 that the State Department's refusal to process appellants' applications at the United States Consulate in Hong Kong violated the INA. See id. at 470-74. Judge Randolph dissented on the merits, but also on the grounds that we should have remanded the case to the District Court to determine whether the dispute had become moot because the alien appellants might have already obtained relief at the time of the decision. See id. at 474-76 (Randolph, J., dissenting). In March 1995, the State Department filed a petition for rehearing and suggestion for rehearing in banc, claiming for the first time in the litigation that the case was mooted as to Thua Van Le and Thu Hoa Thi Dang on July 21, 1994, when Dang was found eligible for an immigration visa, and as to Em Van Vo and Truc Hoa Thi Vo on November 30, 1994, when Truc Hoa Thi Vo was preliminarily determined to be ineligible for an immigrant visa. The appellants concede that the individual claims of Thua Van Le and Thu Hoa Thi Dang have become moot, but claim that these individuals and LAVAS may remain as class representatives. They do contest the mootness of the Vos' individual claims.
 
 
 5
 In May 1995, because resolution of the mootness issue might require the evaluation of new evidence, we remanded the case to the District Court for a determination. On September 11, 1995, the District Court declared the case moot and issued a memorandum opinion, 909 F.Supp. 1, relying primarily on its view that the only claim for relief was that Truc Hoa Thi Vo's application be processed in Hong Kong instead of in Vietnam:
 
 
 6
 The application of detained plaintiff Truc Hoa Thi Vo was ... processed at the United States Consulate in Hong Kong and was denied on November 30, 1994. Ms. Vo has one year from the date of denial of her immigrant visa application to supply the Consulate with additional documentation to support her application, or her application will be canceled.
 
 
 7
 Plaintiffs contend that the current status of Ms. Vo's application is such that her case cannot be moot, since the Consulate has not yet made a "final" determination to grant or deny her immigrant visa application, but has made only an "initial" determination to deny her application. Defendants argue that Ms. Vo has obtained the relief she sought--namely, that her immigrant visa application be processed by the United States Consulate in Hong Kong, rather than after a forced repatriation to Vietnam. The Court agrees with defendants. Ms. Vo has obtained the specific relief she sought and has had her application processed by the United States Consulate in Hong Kong. Plaintiffs are correct that the Consulate has not yet finally determined whether Ms. Vo's immigrant visa application will be granted or denied, but the relief Ms. Vo sought from this Court--the processing of her application in Hong Kong instead of Vietnam--has been achieved. (The Court has, of course, no power to review a final determination of the Consulate as to the merits of Ms. Vo's immigrant visa application.) Ms. Vo's claims, and those of her citizen-sponsor, Em Van Vo, are therefore moot.
 
 
 8
 909 F.Supp. at 2-3. We subsequently ordered additional briefing on the issue of mootness, which issue we now consider as a prelude to ruling on the request for rehearing.
 
 II. LEGAL ANALYSIS
 Mootness
 
 9
 We are guided in our decision in this case by our decision in City of New York v. Baker, 878 F.2d 507 (D.C.Cir.1989). In Baker, the plaintiffs challenged the State Department's refusal to grant a visa to former Italian Senator Nino Pasti so that he could participate in a political demonstration in the United States. The State Department refused to grant the visa on the grounds that it would prejudice this country's foreign policy interests. On appeal, the State Department argued that the case had become moot because it had decided that it would not deny any future visa application from Senator Pasti or other aliens on the challenged basis. We rejected that argument, however, in light of the fact that accepting it would mean that "the State Department would be free to reassert its earlier position, which the government has not renounced." Id. at 511. Importantly, we noted that "voluntary cessation of a challenged practice does not in and of itself moot a case when the party could renew it." Id. at 511-12.
 
 
 10
 A useful case from a sister circuit court is Allende v. Shultz, 845 F.2d 1111 (1st Cir.1988). In Allende, the State Department had initially refused to grant a visa to Hortensia de Allende. By the time of the appeal, however, the State Department had granted her a visa, and therefore claimed that the case was moot. The First Circuit rejected the mootness claim, stressing the continuing nature of the basic controversy:
 
 
 11
 [T]he validity of [the challenged policy] in general remains a live controversy.... [T]he government has stated that future visa applications by Mrs. Allende "presumably would be approved." The government has not, however, revised its interpretation of [the relevant statute]. The mere voluntary cessation of its challenged activity does not, in our opinion, moot the controversy.
 
 
 12
 Id. at 1115 n. 7.
 
 
 13
 Both of these cases stand for the proposition that the government cannot escape the pitfalls of litigation by simply giving in to a plaintiff's individual claim without renouncing the challenged policy, at least where there is a reasonable chance of the dispute arising again between the government and the same plaintiff. Better Government Ass'n v. Department of State, 780 F.2d 86 (D.C.Cir.1986), and Payne Enterprises, Inc. v. United States, 837 F.2d 486 (D.C.Cir.1988). Appellants argue (with good reason) that theirs is just such a case. To begin with, appellants did not simply request a "one shot, all or nothing opportunity to have a consular officer interview Ms. Vo in Hong Kong." At a minimum, they requested that Ms. Vo's application be completely and fully processed in Hong Kong, not merely subjected to an initial determination. The record reveals that the State Department has not yet fully afforded this relief to Ms. Vo. Her application has been considered, but it remains open until November 16, 1996, according to an affidavit recently added to the record. Because Ms. Vo is still "participat[ing] in the application process giving rise to this action ... [it] is not moot." Singh v. Ilchert, 784 F.Supp. 759, 762 (N.D.Cal.1992).
 
 
 14
 In any case, even if Ms. Vo's current application had expired by this time, she would presumably be free to file another application. If she did, her dispute with the State Department would remain essentially unchanged since, according to both parties, the State Department has returned to its former policy of refusing to process applications of Ms. Vo's sort in Hong Kong after December 1, 1994. The State Department, then, cannot show that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Gwaltney of Smithfield Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 66, 108 S.Ct. 376, 386, 98 L.Ed.2d 306 (1987) (citation and internal quotation marks omitted). In fact, the allegedly wrongful behavior--the refusal to process applications of this type at the United States Consulate in Hong Kong--is virtually certain to recur, and it will quite probably recur in the case of Ms. Vo should her current application be turned down. Where there is a reasonable probability that "the same complaining part[ies]" will "be subject[ ] to the same action again," a finding of mootness is inappropriate. Mississippi River Transmission Corp. v. F.E.R.C., 759 F.2d 945, 952 n. 9 (D.C.Cir.1985) (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). We accordingly hold that this case is not moot as to the individual claims of Mr. and Ms. Vo and reverse the District Court's judgment of mootness. We deny the State Department's petition for rehearing.[1] Our prior judgment and opinion on the merits of the State Department's policy stands, and we remand this case to the District Court for treatment consistent with both this and our prior opinion.
 
 Class Certification
 
 15
 On this appeal, LAVAS and the individual appellants also challenge the District Court's failure to grant their class certification motion under FED.R.CIV.P. 23. The District Court initially denied this motion as moot in April 1994 after granting summary judgment for the State Department on the individual claims which we subsequently reversed. On remand, the District Court again refused to grant the certification, holding that "because the named plaintiffs' claims have now become moot, no case or controversy exists on which to append a class of plaintiffs." 909 F.Supp. at 4 (1995). Because we hold today that this case is not moot with respect to Mr. and Ms. Vo, the basis for the District Court's holding on the class certification motion is no longer true, and we must necessarily vacate the District Court's refusal to grant the class certification motion. However, we do not find it necessary to reach the merits of the motion. We simply remand this issue for reconsideration in light of our holding that the case is not moot as to Mr. and Ms. Vo.[2]
 
 
 16
 RANDOLPH, Circuit Judge, concurring in part and dissenting in part:
 
 
 17
 I agree the case is not moot. LAVAS sought an order directing U.S. officials to "conduct the final processing" of the plaintiffs' visa applications in Hong Kong. Whatever "final processing" means, it has not yet occurred with respect to Truc Hoa Thi Vo. Her application was initially denied on November 30, 1994, several months before we issued our decision in Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, 45 F.3d 469 (D.C.Cir.1995). However, the consulate general's letter to her indicated that more processing in Hong Kong could occur, and an uncontested declaration filed with this court states that her application will remain alive at least until November 16, 1996.
 
 
 18
 Nonetheless, I would grant the petition for rehearing for reasons I have already given. LAVAS, 45 F.3d at 474-75 (dissenting opinion). LAVAS remains a barrier to full implementation of the international plan to end the "boat people" crisis. Since the time of our decision, the refugee problem has continued to fester. According to press reports, growing uncertainty over the position of the United States has contributed to rioting in the refugee camps, which has in turn slowed the process of repatriation. Philip Shenon, Riots by Vietnamese Erode Plan to Send Them Home, N.Y. TIMES, June 9, 1995, at A3. Under the international plan, all of the Vietnamese now in the Hong Kong camp were to be back in Vietnam by the end of 1995. The Final Vietnam Refugees, WASH. POST, Dec. 28, 1995, at A22. That deadline has now passed, and still no end is in sight. Still a Long Battle Ahead to Clear Boatpeople Camps, Say Experts, Agence France Presse, Jan. 16, 1996, available in LEXIS. In the meantime, further doubts have been raised about the majority's interpretation of the Immigration and Nationality Act. In a related case, now pending in this court (Lisa Le v. Department of State, No. 95-5425), the State Department contends that Sec. 202(a)(1), 8 U.S.C. Sec. 1152(a)(1), on which LAVAS rested, should not have been invoked because it governs only the issuance of visas, a matter not involved in this case, which deals instead with where visa applications must be processed. Venue determinations are, the State Department says, entrusted entirely to the Secretary of State by Sec. 222(a), 8 U.S.C. Sec. 1202(a), and are not subject to Sec. 202(a)(1). Whatever the validity of this new argument, I remain convinced that none of the plaintiffs in this case were discriminated against on the basis of their nationality in violation of Sec. 202(a)(1), that the majority decision is in error, and that the case should be reheard forthwith so that the United States can promptly bring itself into compliance with the international agreement this country reached with fifty other nations.
 
 
 19
 Before: EDWARDS, Chief Judge, SENTELLE and RANDOLPH, Circuit Judges.
 
 ORDER
 February 21, 1996
 
 20
 Upon consideration of appellees' Motion to Continue Stay of Mandate Pending Disposition of Suggestion for Rehearing In Banc, filed February 7, 1996, the response and reply, and of appellees' Motion to Stay Mandate to Permit the Government Time Within Which to Seek a Writ of Certiorari From the Supreme Court, filed February 15, 1996, it is
 
 
 21
 ORDERED that the motion of February 15, 1996 is granted. The Clerk is directed to withhold issuance of the mandate through March 21, 1996. It is
 
 
 22
 FURTHER ORDERED that appellees' motion filed on February 7, 1996 is dismissed as moot.
 
 
 
 *
 Circuit Judges Williams, Ginsburg, Henderson and Randolph would grant the suggestion
 
 
 [1]
 A suggestion for rehearing in banc still pends before the full court
 
 
 [2]
 Subject to the full court's resolution of the in banc suggestion