**Lisa LE, et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF STATE, BUREAU OF CONSULAR AFFAIRS, et al., Defendants.**

**Civil Action No. 95–989 SSH.**

United States District Court,
District of Columbia.

March 1, 1996.

William R. Stein, Daniel Wolf, Hughes, Hubbard & Reed, Washington, DC, for Plaintiffs.

Asst. U.S. Atty. Sherri L. Evans, U.S. Attorney's Office, Washington, DC, for Defendants.

## ORDER

STANLEY S. HARRIS, District Judge.

For the reasons stated in the accompanying Memorandum Opinion, it hereby is

ORDERED, that plaintiffs' motion to join additional party plaintiffs is granted as to the following individuals: Bui Thi Lan, Cao Thi My Linh, Huynh Vinh Nhan, Le Thi Kim Xuyen, Le Thi Tham, Lieu Hue Tuong, Ngo Thi Ka, Nguyen Thi Bich Thuy, Nguyen Thi Quynh, Nguyen Thi Thanh, Nguyen Thi Van, Pham Thi Nhiem, Pham Van Ngoan, Tang Mau Phong, Vo Thi My Linh, Pham Ngoc Tuan, Jon Van Phan, Cheung On Su, Bui Ngoc Vung, Truong Dinh Phuong, Shirley Kiu Ho, Diep Quoc Binh, John Ha Pham, Truong Cong Thanh, Nguyen Ngoc Hoang,

Tran Dinh Tien, Nguyen Phu Duc, the Vietnamese Catholic Ministry, Lay Chong Nhi, and Nguyen Van Hai. The complaint is deemed amended to include those individuals as plaintiffs. It hereby further is

ORDERED, that plaintiffs' motion for summary judgment is granted. It hereby further is

ORDERED, that defendants are permanently enjoined from implementing their decision to decline processing of plaintiff detainees' immigrant visa applications at the United States Consulate in Hong Kong. It hereby further is

ORDERED, that defendants shall take all necessary and proper steps to process plaintiff detainees' immigrant visa applications in accordance with their practice as it existed prior to December 1, 1994.

SO ORDERED.

## MEMORANDUM OPINION

Before the Court are the following motions: plaintiffs' motion to join additional plaintiffs and motion for a preliminary injunction, defendants' opposition thereto, and plaintiffs' reply; plaintiffs' motion for summary judgment; and defendants' motion to dismiss or, alternatively, cross-motion for summary judgment, plaintiffs' reply and opposition to defendants' cross-motion, defendants' reply, and plaintiffs' sur-reply.

The history of this case has previously been set forth in the opinion of June 29, 1995, issued by another judge of this court who had the case temporarily, and in the opinion issued by the United States Court of Appeals for the District of Columbia Circuit in *Legal Assistance for Vietnamese Asylum Seekers ("LAVAS") v. Department of State*, 45 F.3d 469 (D.C.Cir.1995), a separate case which nonetheless is identical to this action in all relevant respects. Plaintiffs filed suit and moved for a preliminary injunction on May 25, 1995, and plaintiffs' motion for a preliminary injunction was granted on June 29, 1995. *Vo v. Department of State*, 891 F.Supp. 650 (D.D.C.1995). On July 11, 1995, plaintiffs filed an amended complaint, adding 18 additional plaintiffs, and moved for a second preliminary injunction. (Plaintiffs Vo Van Chau and Le Thi Thanh Xuan's claims were later rendered moot when the Department of State processed and granted Le's visa application on September 14, 1995.) Plaintiffs' second motion for a preliminary injunction was granted on December 13, 1995. *Le v. Department of State*, Civil Action No. 95–989, 1995 WL 761310 (D.D.C. Dec. 13, 1995).

*Plaintiffs' Motion To Join Additional Parties*

On December 22, 1995, plaintiffs moved, pursuant to Fed.R.Civ.P. 21, to join 32 more individuals as plaintiffs. Plaintiffs moved at the same time for a third preliminary injunction and for summary judgment as to those additional parties. As with the 18 current plaintiffs, the 32 individuals are really 16 pairs: 16 are petitioner-sponsors living in the United States [1] who petitioned the INS for immigrant visas for Vietnamese nationals currently detained in Hong Kong, and 16 are the sponsored Vietnamese nationals.

Plaintiffs' motion to join additional parties requires a brief (and, by necessity, oversimplified) explanation of the process by which eligible detained nationals and their sponsors secure the nationals' entry into the United States. Before a detained Vietnamese national may apply to the United States Consulate General in Hong Kong for an immigrant visa ("IV"), his or her sponsor in the United States must petition for an IV from the Immigration and Naturalization Service ("INS"), under one of several provisions (the relevant provisions in this case relate to spouses, children, and religious immigrant workers). *See* 8 U.S.C. §§ 1151–1156 (Supp. 1995). The sponsor's IV petition, if approved by the INS, must also be "current"—that is, the detained Vietnamese applicant would not have to wait for a visa number if his or her subsequent IV application to the United States Consulate General were granted. *See* Aff. of Wayne S. Leininger, Defs.' Opp. to Pls.Mot. for Prelim.Inj., June 15, 1995.

---

1. Fourteen of the 16 stateside sponsors are United States citizens, one is a permanent resident of the United States, and one is a religious organization.

When an IV petition is approved by the INS, it is submitted to the National Visa Center ("NVC") for processing. The NVC may send the approved IV petition directly to a specified consular post (*i.e.*, the post in Hong Kong) after entering it in its database, or the NVC may store the petition until the Visa Services Directorate (the "VO") determines that the petition may be processed by a consular post. Defs.' Corrected Opp., Aff. of Brian McNamara, para. 1.

When a stateside sponsor's IV petition is approved by the INS and is current, the detained applicant has one more hurdle to surmount: he or she must apply for an IV to the United States Consulate General, submit certain supporting documents, and, when his or her documentation is complete, submit to an interview at the Consulate. If the IV application is granted, the applicant is allowed entry into the United States. This case and *LAVAS* are concerned only with this final stage of the process—the detainee's application to the United States Consulate General for an IV, once the INS has approved the sponsor's IV petition and the petition is deemed current.[2] Accordingly, the Court will consider accepting as plaintiffs only those individuals and sponsors whose IV petitions are current and approved by the INS, and who await only processing and decision by the United States Consulate General on their IV applications.[3]

Defendants state in their opposition and their corrected opposition to plaintiffs' motion to join additional parties that 13 of the 16 sponsors' IV petitions are current and have been approved (and, therefore, that 13

of the 16 detained plaintiffs are eligible for an interview with the Consulate, if they are document-ready). Defs.' Opp. to Pls.' Mot. To Join Add'l Parties, Aff. of Martha Sardinas (Jan. 12, 1996) (Sardinas Aff. I), paras. 2–3; Defs.' Corrected Opp., Aff. of Martha Sardinas (Jan. 24, 1996) (Sardinas Aff. II), paras. 3–6; Defs.' Opp., Aff. of Bernard J. Alter (Jan. 12, 1996), para. 2a; Defs.' Corrected Opp., Aff. of Bernard J. Alter (Jan. 24, 1996), para. 2a. Defendants submit that they lack documentation on three detainees: Cao Thi My Linh (sponsored by Jon Van Phan, a.k.a. Phan Thang Van), Nguyen Thi Thanh (sponsored by Nguyen Ngoc Huang) and Nguyen Van Ton (sponsored by Nguyen Van Dien).

■ Plaintiffs have submitted documentation showing that the IV petition of Jon Van Phan has been approved by the INS. Pls.' Reply, Ex. 1. Plaintiffs also have submitted documentation showing that Phan became a United States citizen on September 13, 1995. According to defendants' submissions, Phan's citizenship, and the INS's prior approval of his IV petition, renders the petition current. Sardinas Aff. II, para. 3. Phan's spouse, Cao Thi My Linh, is accordingly eligible (if document-ready) for an IV interview at the USCG in Hong Kong, upon submission of the approved petition to the USCG in Hong Kong by the NVC.[4]

■ Nguyen Ngoc Huang is also a United States citizen. Pls.' Mot. To Join Add'l Parties at 3, para. 11. The IV petition of Nguyen Ngoc Huang was approved by the INS on October 25, 1995. Pls.' Reply, Supp.Decl. of Mark Zuckerman, para. 4. His petition,

2. Any suggestion that the Court reach further back, tamper with INS policy, and order a particular IV petition approved would be, "to say the least, [as] disquieting" as suggesting that the Court tamper with foreign policy and order applications processed in a certain location. *See LAVAS*, 45 F.3d at 475 (Randolph, J., dissenting).

3. The Court expresses no opinion on the feasibility or desirability of certifying a class of plaintiffs, this issue having been remanded to the Court for consideration in *LAVAS*. *See LAVAS v. Department of State*, 74 F.3d 1308 (D.C.Cir.1996) (reversing the Court's mootness determination and remanding for consideration of class certification issue).

4. The Court recognizes that, in some circumstances, the NVC may not immediately forward an approved IV petition to the appropriate consular post for processing. *See* McNamara Aff., para. 1. Defendants should not interpret this Memorandum Opinion to mean that the NVC must hasten or abort its processing of approved IV petitions, but only that, once the NVC has determined that an approved IV petition for a Vietnamese national detained in Hong Kong should be forwarded, the approved petition should be sent to the USCG in Hong Kong, and not the Orderly Departure Program ("ODP") in Bangkok. *See* Sardinas Aff. I, paras. 1–2 (noting that screened-out immigrants' approved IV petitions are currently sent to the ODP in Bangkok).

too, is therefore approved and current, and his spouse, Nguyen Thi Thanh, is eligible (if document-ready) for an IV interview at the USCG in Hong Kong, upon submission of the approved petition to the USCG by the NVC. *See* Sardinas Aff. II, para. 3.

 Remaining is detainee Nguyen Van Ton, sponsored by his father, Nguyen Van Dien, who is a United States citizen. Despite plaintiffs' explicit representation to the contrary, *see* Pls.' Reply at 2, Nguyen Van Dien's IV petition has not been approved by the INS; it has only been received by the INS. Pls.' Reply, Ex. 3. According to that document, it takes "300 to 330 days" from the date of receipt of an IV petition for the INS to process the case. *Id.* The Court has no other indication that the INS has approved Nguyen Van Dien's IV petition on behalf of Nguyen Van Ton, and these two individuals therefore are not proper plaintiffs in this action. Accordingly, plaintiffs' motion to join additional plaintiffs is granted as to all but two: Nguyen Van Dien and Nguyen Van Ton.

*Plaintiffs' Motion for Summary Judgment*

On February 13, 1996, the Court of Appeals (by a vote of 7–4) denied defendants' suggestion of rehearing *en banc* in *LAVAS,* 74 F.3d 1308 (D.C.Cir.1996). This case is, in all relevant respects, identical to *LAVAS. See LAVAS v. Department of State,* 45 F.3d 469 (D.C.Cir.1995); *Vo v. Department of State,* 891 F.Supp. 650, 652 (D.D.C.1995) (noting that this action is "closely related" to *LAVAS* ). While defendants are correct that the doctrine of nonmutual offensive collateral estoppel may not be asserted against the federal government, *see United States v. Mendoza,* 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984), the government cannot evade, just as this Court may not fail to follow, precedent from its own court of appeals in a case presenting the same facts and the same issues of law. *See Stormont–Vail Regional Medical Ctr. v. Bowen,* 645 F.Supp. 1182, 1192 (D.D.C.1986). Accordingly, plain-

tiffs' motion for summary judgment is granted.[5]

An appropriate Order accompanies this Opinion.

---

**5.** Findings of fact and conclusions of law are unnecessary in ruling on a summary judgment motion. Fed.R.Civ.P. 52(a); *see Anderson v. Lib-* *erty Lobby,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).